```
                        UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF RHODE ISLAND

_____
                               )
ANDREW GOLD,                   )
                               )
          Plaintiff,           )
                               )
     v.                        )    C.A. No. 17-104 WES
                               )
JAMES POCCIA, Alias, Personally,)
and in His Official Capacity as a)
Police Officer for the Town of )
Coventry, RI; BENJAMIN SEDAM,  )
Alias, Personally, and in Official)
Capacity as a Police Officer for)
the Town of Coventry, RI;      )
DAVID NELSON, Alias, Personally,)
and in Official Capacity as a  )
Police Officer for the Town of )
Coventry, RI; RANDY POLION, Alias,)
Personally, and in Official    )
Capacity as a Police Officer for)
The Town of Coventry, RI; and  )
THE TOWN OF COVENTRY, RI, Through)
Its Finance Director,          )
ROBERT THIBEAULT,              )
                               )
          Defendants.          )
_____)
```

## **MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Patricia A. Sullivan's Report and Recommendation ("R&R") (ECF No. 45), which recommends that Defendants' Motion for Summary Judgment (ECF No. 14) be granted in part and denied in part. In light of the R&R's split recommendations (with aspects adverse to both parties), Plaintiff and Defendants both objected (ECF Nos. 50, 51). Additionally

Plaintiff has filed a Motion to Vacate the Magistrate Judge's Order Denying his Motion In Limine ("Motion to Vacate") (ECF No. 56). After careful review of the R&R and the relevant papers[1], the Court accepts the R&R, over both parties' objections, and denies Plaintiff's Motion to Vacate.

At the outset, Plaintiff concedes that summary judgment should enter for Defendants the Town of Coventry, David Nelson, and Randy Polion. (Pl.'s Mem. in Supp. Obj. to R. & R. ("Pl.'s Mem.") 3, ECF No. 52.) He also admits that summary judgment should enter for Defendants with respect to his state law claims for larceny, computer theft, tampering, conspiracy, and extortion. (Id.) Thus, these need no discussion. The remainder of Plaintiff's objection proffers several attacks on the R&R. None has merit.

First, Plaintiff spends nearly twenty-seven pages of his forty-one-page memorandum challenging Magistrate Judge Sullivan's denial of his Motion in Limine (ECF No. 20) — a denial that occurred by text order on June 13, 2018. Putting aside the merits of Plaintiff's motion in limine, the window of time for Plaintiff to challenge Magistrate Judge Sullivan's order on this nondispositive

---

[1] Where an objection has been properly filed, the Court reviews de novo an R&R addressing a dispositive motion. See Emissive Energy Corp. v. SPA-Simrad, Inc., 788 F. Supp. 2d 40, 42 (D.R.I. 2011); Fed. R. Civ. P. 72(b)(3).

motion has passed.  See DRI LR Cv 72 ("An objection to an order or other ruling by a magistrate judge in a nondispositive matter . . . shall be filed and served within 14 days after such order or ruling is served.").  Plaintiff had until June 27, 2018, to object to Magistrate Judge Sullivan's denial of his motion in limine.  He waited until a month later on July 27, 2018, raising the issue in his supporting memorandum to his objection to the R&R. (See Pl.'s Mem. in Supp. of Obj. to R&R, ECF No. 52).  He belatedly raised the issue again in his Motion to Vacate filed on August 14, 2018. (See Pl.'s Mot. to Vacate Order on Mot. in Lim., ECF No. 56).  As such, Plaintiff has waived the issue, and Magistrate Judge Sullivan's text order of June 13, 2018, stands. Moreover, this Court reviews a magistrate judge's order on a nondispositive motion, like a motion in limine, for clear error.  See Fed. R. Civ. P. 72(a).  Even if Plaintiff had timely and properly objected, Magistrate Judge Sullivan's text order is neither "clearly erroneous" or "contrary to law."  See id.

Next, Plaintiff objects to the recommendation that summary judgment enter as to Plaintiff's federal and state law false arrest claims.  (Pl.'s Mem. 27.)  He suggests that Magistrate Judge Sullivan erred because the R&R "failed to recount and closely consider all relevant evidence he adduced showing his seizure/de facto arrest, and made an erroneous determination of law that he

3

was not seized/arrested <u>de facto</u> because he simply could have left the scene, at the price of surrendering his cellphone to Defendants." (<u>Id.</u> at 28.) Plaintiff also complains about the R&R's alternative holding that disposes of his claims on the basis of qualified immunity. (<u>Id.</u> at 33.)

Plaintiff's arguments fail. At the outset, Plaintiff grounds his challenge to the R&R on a flawed premise that a seizure always constitutes a <u>de facto</u> arrest. (<u>See</u> <u>id.</u> 28-29 (using "seizure" interchangeably with "<u>de facto</u> arrest").) Not so. The law, of course, also contemplates "lesser seizures generally known as investigative or <u>Terry</u> stops, which require a lesser reasonable suspicion." <u>United States v. Young</u>, 105 F.3d 1, 6 (1st Cir. 1997). However, if a seizure occurred here at all, how the Court classifies it (whether a <u>Terry</u> stop or otherwise) is of no moment because the record supports a finding of probable cause.

"[P]olice officers can justifiably rely upon the credible complaint by a victim to support a finding of probable cause." <u>Forest v. Pawtucket Police Dep't</u>, 377 F.3d 52, 57 (1st Cir. 2004). Indeed, the First Circuit has articulated:

> Victims' complaints are a prime source of investigatory information for police officers. In the absence of circumstances that would raise a reasonably prudent officer's antennae, there is no requirement that the officer corroborate every aspect of every complaint with extrinsic information. The uncorroborated testimony of a victim or other percipient witness, standing alone,

4

ordinarily can support a finding of probable cause. Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 10 (1st Cir. 2004). And, in this context, the critical point in time for inquiring what officers knew is "the moment of the arrest." Fernández-Salicrup v. Figueroa-Sancha, 790 F.3d 312, 324 (1st Cir. 2015) (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 254 (1st Cir. 1996)). Here, it is not disputed that Officer Poccia arrived at the scene in response to the employer's complaint that Plaintiff had attempted to keep company property after being fired. (R. & R. 5 ECF No. 45; Exh. In Supp. of Mem. In Opp. To Def's Mot. Summ. J. 5, ECF No. 33.) This suffices to support probable cause.

Even if there was no probable cause, the R&R nevertheless correctly recommends that the officers' alleged conduct is covered by qualified immunity. Officers "are entitled to qualified immunity [if] they 'reasonably but mistakenly conclude[d] that probable cause [wa]s present.'" District of Columbia v. Wesby, 138 S. Ct. 577, 591 (2018) (second and third alterations in original)(quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)). The Court is satisfied, then, that "a reasonable police officer under the same or similar circumstances,"—e.g., responding to a complaint that an employee was refusing to give back company property—would not have "understood the challenged act or omission to contravene the discerned constitutional right." Burke v. Town

of Walpole, 405 F.3d 66, 77 (1st Cir. 2005) (quoting Limone v. Condon, 372 F.3d 39, 44 (1st Cir. 2004)).

Defendants' objection asks the Court to reject the R&R's recommendation that summary judgment be denied as to Plaintiff's 42 U.S.C. § 1983 claim for the alleged seizure of the cell phone. First, Defendants contest Magistrate Judge Sullivan's conclusion that Plaintiff's cell phone seizure claim is not time barred. (Defs.' Mem. in Supp. Obj. to R. & R. ("Defs.' Mem.") 2-4. ECF No. 51; see also R. & R. 17-18.) Defendants also challenge Magistrate Judge Sullivan's recommendation that trial-worthy factual issues remain, both with respect to the merits of the Fourth Amendment claim and qualified immunity. (Defs.' Mem. at 5-10.)

Defendants' argument that Plaintiff's claim is time-barred attempts to inject a heightened standard onto Rule 15's relation-back requirement. (Id. at 1-5.) As Magistrate Judge Sullivan noted, an amended pleading "relates back" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." (R. & R. 18, ECF No. 45 (quoting Fed. R. Civ. P. 15(c)(1)(B))). Courts have afforded Rule 15(c) a liberal thrust. See, e.g., Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982) ("We are mindful that the relation back doctrine of Rule 15(c) is

to be liberally applied."); Tri-Ex Enter. Inc. v. Morgan Guar. Trust Co. of New York, 586 F. Supp. 930, 932 (S.D.N.Y. 1984) (describing Rule 15(c) as a "very liberal standard"). And the Supreme Court has interpreted the Rule to "depend[] on the existence of a common core of operative facts uniting the original and newly asserted claims." Mayle v. Felix, 545 U.S. 644, 646 (2005). "A common core of operative facts exists if 'the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds.'" Tenon v. Dreibelbis, 190 F. Supp. 3d 412, 416 (M.D. Pa. 2016) (quoting Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004)). "Thus, new claims will relate back if they 'restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding complaint.'" Id. (quoting Bensel, 387 F.3d at 310).

Comparing Plaintiff's First Amended Complaint to his original Complaint makes clear that Plaintiff does precisely that. (Compare Compl. ¶¶ 5-8 (citing 42 U.S.C. § 1983 and noting that Plaintiff "was commanded that if he did not immediately relinquish his phone to the agent of the Coventry Police Department that he would be arrested and his cell phone confiscated anyway"), with First Am. Compl. ¶¶ 9, 31(a) (alleging "[u]nconstitutional search and

7

seizure (false arrest and seizure of private cellphone data...)")). Plaintiff satisfies the relation-back requirement. And Defendants "had fair notice of the general fact situation and legal theory upon which the amending party proceeds." Bensel, 387 F.3d at 310. Because Plaintiff "merely expounds upon and further details the factual scenario and . . . claims that were roughly sketched in [his] original Complaint," Defendants' statute-of-limitations argument fails. Id.

The Court next considers Defendants' objection to Magistrate Judge Sullivan's recommendation that "there are trial worthy issues of fact regarding the nature of plaintiff's interest in the cell phone and reasonableness of the alleged seizure." (Defs.' Mem. 5 (citing R. & R. 14).) Defendants try to undercut the evidence that creates a factual dispute as to who owns the cell phone, while injecting a hypothetical scenario which asks the Court to draw inferences for Defendants. Finally, while conceding "there may be a factual dispute as to plaintiff's interest in the cell phone created by plaintiff's post hoc, cagey and muddled claims of ownership," Defendants urge that their conduct is protected by qualified immunity. (Def.'s Mem. 10.)

Defendants' objection to Magistrate Judge Sullivan finding of a material factual dispute amounts to an improper attack on the weight or credibility of the evidence. The First Circuit long ago

8

parted with the type of protest made by Defendants:

> [T]he decisive criterion on a summary judgment motion is not a comparative one. Fed. R. Civ. P. 56 does not ask which party's evidence is more plentiful, or better credentialled, or stronger. Rather, the rule contemplates an abecedarian, almost one dimensional, exercise geared to determining whether the nonmovant's most favorable evidence and the most flattering inferences which can reasonably be drawn therefrom are sufficient to create any authentic question of material fact. Among other things, apart from that which may be inherently incredible, the nonmoving party is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in [the evidence] resolved favorably to him...."

Greenburg v. P.R. Maritime Shipping Auth., 835 F.2d 932, 935-36 (1st Cir. 1987) (vacating grant of summary judgment despite "rather frail" evidence including testimony containing "flagrant contradictions") (quoting Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)). A review of the evidence makes clear, as Magistrate Judge Sullivan found, that trial-worthy factual issues persist, precluding summary judgment as to the alleged unconstitutional seizure of the cell phone.

Similarly, for the reasons Magistrate Judge Sullivan articulated, summary judgment should not enter with respect to qualified immunity on this issue. (See R. & R. 14-17.) Although "the immunity question should be resolved, where possible, in advance of trial," this case presents "factual issues, potentially

9

turning on credibility, that must be resolved by the trier of fact." Swain v. Spinney, 117 F.3d 1, 10 (1st Cir. 1997).

Accordingly, this Court ACCEPTS the R&R (ECF No. 45) and ADOPTS its recommendations and reasoning.  Defendants' Motion for Summary Judgment (ECF No. 14) is, therefore, GRANTED in part and DENIED in part as outlined by the R&R. Additionally, the Court DENIES Plaintiff's Motion to Vacate (ECF No. 56).

IT IS SO ORDERED.



William E. Smith

Chief Judge

Date:  September 21, 2018